UNITED STATES NATIONAL BANK, Appellant, vs. LAKE SUPERIOR TERMINAL & TRANSFER RAILWAY COMPANY, Respondent.

*April 14—May 4, 1915.*

*Taxation: Special assessment certificates: Limitation of actions.*

An action brought under sec. 1210*l,* Stats. 1913, by the owner of special assessment certificates to recover the aggregate amount of two special assessments for street paving is an action on the certificates, and when brought after six years from their date is barred under the terms of sec. 1183.

APPEAL from a judgment of the circuit court for Douglas county: BYRON B. PARK, Judge. *Affirmed.*

This is an action to recover the aggregate amount of two special assessments for street paving made against two parcels of real estate of the defendant company in the city of Superior. The plaintiff is the owner of the special assessment certificates by virtue of assignments from the contractor to whom they were issued. The action is brought under the provisions of sec. 1210*l*, Stats. 1913, which provides in substance that municipal corporations may collect special assessments of this nature by action in the name of the corporation, and that the owner or holder of the certificate may maintain a like action, in which latter action it shall be sufficient to set up a copy of the certificate, specify the amount due and when payable, and allege that the defendant is liable therefor.

The certificates in the present case were signed and dated September 25, 1907, and this action was commenced December 6, 1913. Sec. 1183, Stats. 1913 (which has existed in the same form since a date prior to the Revised Statutes of 1878), provides that no action, either at law or in equity, shall be maintained on such a certificate after six years from its date. This statute was pleaded as a defense and the trial court held that it was a bar to the action, and the plaintiff appeals.

For the appellant there was a brief by *Grace, Hudnall & Fridley* and *T. L. McIntosh,* and oral argument by *Geo. B. Hudnall.*

For the respondent there was a brief by *J. A. Murphy,* attorney, and *Sanborn & Blake,* of counsel, and oral argument by *John B. Sanborn.*

WINSLOW, C. J. In this case it is held that the action is an action on the special assessment certificates, and hence is barred under the terms of sec. 1183, Stats., because brought after six years from the date of the certificates.

*By the Court.*—Judgment affirmed.